UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JULIE SWANSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:21-mc-00081-MTS |
| ) | |
| MURRAY BROTHERS, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

At issue in this miscellaneous matter is a subpoena stemming from a case in the U.S. District Court for the Central District of Illinois, *Swanson, et al. v. Murray Bros, LLC, et al.*, 3:19-cv-03220. A Plaintiff in *Swanson* served the third-party subpoena at issue on Janice Neubrand, an accountant with Crouch, Farley, and Heuring, P.C. who may hold some financial records belonging to, or with a connection to, some of the Defendants in *Swanson*. The subpoena seeks ten years' worth of financial records. Larry Murray and Larry Murray Trucking, Inc. moved this Court to quash the third-party subpoena served on Neubrand. Doc. [1]. Murray Brothers, LLC subsequently filed a Motion to Quash in this same matter given that the subpoena requested financial records relevant to it as well. Doc. [4]. Neubrand resides or transacts business within this District, which is why this matter currently is before this Court as the District where compliance with the subpoena would be required. *See* Fed. R. Civ. P. 45(d)(3)(A); Doc. [1] ¶ 12.

A few weeks after Movants filed their Motions to Quash, Neubrand, the accountant to whom the subpoena had been directed, filed a Motion to Intervene in this matter, Doc. [10]. But she did so on February 24, 2021—more than one month after the subpoena for the records was

sought and more than two weeks after the scheduled production time. Neither Neubrand nor the parties has indicated to the Court that Neubrand timely objected to the subpoena under Rule 45(d)(2)(B) prior to that or that she or her counsel contacted Plaintiff's counsel, the issuer of the subpoena, concerning compliance with it. *See, e.g.*, *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 43 (N.D. Tex. 2015) ("The failure to serve written objections to a subpoena within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such objections, as does failing to file a timely motion to quash.") (internal quotations and alterations omitted); *In re Denture Cream Prod. Liab. Litig.*, 292 F.R.D. 120, 124 (D.D.C. 2013) (noting third-party subpoena recipient failed to make an objection within fourteen days but excusing failure because third-party's counsel had been in contact with counsel for issuer concerning compliance); *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) ("[W]e think it is clear that Rule 45 contemplates assertion of all objections to document production within 14 days, including those based on the act of production privilege.").

Regardless of how a court views Neubrand's response, or lack of response, to the subpoena, the Movants here appear to have standing to assert their privilege objections regarding the material. *See, e.g.*, *Terry v. Woller*, No. 08-4063, 2010 WL 11558011, at *1 (C.D. Ill. May 6, 2010) ("[A] party has standing to object . . . to a subpoena directed at a non-party when the party claims a 'personal right or privilege' regarding the documents being sought."); *E.E.O.C. v. Danka Indus., Inc.*, 990 F. Supp. 1138, 1141 (E.D. Mo. 1997).[1] And they appear to have timely raised their objections and filed their motions. *See* Fed. R. Civ. P. 45(d)(2)(B), (d)(3)(A).

---

[1] The Movants would have standing at least to the extent *they* have a privilege or personal right as opposed to any belonging exclusively to Neubrand as the accountant. *See* Doc. [1] at 8 (Movants Larry Murray Trucking, Inc. and Larry Murray arguing Illinois's "grant of confidentiality is limited to the accountant themselves, and not to their client.").

Given that Neubrand—who, again, is the sole reason this matter is before this Court and not the Central District of Illinois—did not timely object or file a motion to quash, this is a dispute between the parties.[2] The parties debate whether the records are privileged based on their disagreement over whether Missouri or Illinois law should apply. The Court finds "exceptional circumstances" warrant transferring this subpoena-related motion to the issuing court. *See* Fed. R. Civ. P. 45(f). Thus, the Court agrees with Plaintiff, see Doc. [7] at 9–10, that this dispute between the parties should be resolved by the District Court for the Central District of Illinois.

Accordingly,

**IT IS HEREBY ORDERED** that Larry Murray and Larry Murray Trucking, Inc.'s Motion to Quash, Doc. [1], and Murray Brothers, LLC's Motion to Quash, Doc. [4], shall be **TRANSFERRED** to the United States District Court for the Central District of Illinois. The Clerk of this Court is directed to transfer the case accordingly.

Dated this 12th day of April 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] The Court concludes that even if the Central District of Illinois allows Neubrand to seek to quash or intervene—which, of course, it may do without regard to this Court's opinion—the concern of any burden on Neubrand from litigating in a neighboring District as opposed to this one, normally the "prime concern," is greatly lessened by her failure to timely object or move to quash in this Court. *See* Fed. R. Civ. P. 45 advisory committee's note (2013).